## Case No. 3,801.

DENNISTON et al. v. COQUILLARD et al.

[5 McLean, 253.] [1]

Circuit Court, D. Indiana. May Term, 1851.

### SPECIFIC PERFORMANCE—CONSIDERATION.

1. A contract was made for the purchase of certain tracts of land, as a consideration for

[1] [Reported by Hon. John McLean, Circuit Justice.]

which six thousand dollars were to be paid, and certain work was to be done. The money was paid, but the work was not done. A bill being filed under such circumstances, it was dismissed.

2. There is no principle in chancery better established, than that the party who asks a specific performance, must show performance on his part, or that he has offered to perform, and been prevented from doing so, by the acts of the defendant.

In equity.

Smith & Jernagen, for complainants.
Morrison & Thayer, for defendants.

OPINION OF THE COURT. This is a case in chancery in which the complainants pray the specific execution of the following contract: On the 1st June, 1835, Fellows and Denniston purchased from Coquillard several tracts of land at South Bend, in this state, on the conditions that they will pay Coquillard six thousand dollars at certain times stipulated, with the privilege of paying that sum before it becomes due. And in the language of the contract, the purchasers "are furthermore to build or construct a sufficient dam across the river St. Joseph, and cut a mill-race from said dam to intersect the said river at a point below or at the mouth of the brook, near the ferry at Water street, in the town of South Bend, within one year from and after the time that they shall obtain from the legislature of the state of Indiana, an act for that purpose. And they are to use their exertions to procure of the legislature an act for the purpose of constructing a mill-dam at the next session thereof, if possible. But if any accident should intervene to hinder the progress of said dam, then they are to have twelve months further time to complete the same. If the money should not be paid when due, ten per cent. was to be paid. Now, should the said Fellows and Denniston well and truly fulfill the conditions aforesaid, in all things, and pay to the said Coquillard the full amount of the purchase money, then, and in that case, the said Coquillard will execute to them a deed of general warranty for the premises. At the next session of the legislature the desired act was passed, on condition that a lock for the passage of steamboats and other crafts should be constructed and kept. The money consideration has all been paid. Arrangements were made for cutting the race, and funds were placed in the hands of Coquillard, who was to superintend the work, as the agent of the purchasers. A man was employed who cut a part of the race, perhaps one half of it, and to whom Coquillard made advances exceeding the amount of work done, some seven hundred and fifty dollars, and who refused to go on with the work unless an additional advance was made. In consequence of this, Coquillard agreed to extend the time for the completion of the work one year. The progress of events brought the parties to that period in our history, in the west, when a revulsion in prices took place.

Coquillard became insolvent. Judgments were obtained against him, and his real property, including the purchase of Fellows and Denniston, were sold by the sheriff. Christopher W. Emrick, in April, 1845, received a transfer of a judgment against Coquillard, without recourse, from the Bank of Indiana; and he afterwards purchased the lands embraced by the above contract, for two thousand dollars. He had full notice of the purchase by Fellows and Denniston.

The bill is filed against Coquillard and Emrick, and a conveyance of the land is prayed for, under the above contract, when only a part of the consideration, on which the deed was to be made, has been performed. In addition to the payment in money, of the sum of six thousand dollars, the purchasers were to build a sufficient dam across the river St. Joseph, and cut a mill-race from said dam to intersect the river at Water street, in the town of South Bend. Neither of these works have been completed. A part of the canal has been cut. The dam has not been built. The question arises whether the party who has failed on his part to perform the contract, can ask specific execution of it. If there be any thing settled, it is, that a party who asks the aid of a court of chancery, must show that he has performed his part of the contract, or has been prevented from performing it, by the act of the party against whom he prays relief. The question whether time is of the essence of the contract does not arise in this case. The time was extended by Coquillard, one year, but that had expired long before the bill was filed. In fact, the contract seems to have been abandoned by the complainants, before they applied to chancery for relief. And the only principle on which they contend for relief is, that compensation can be made to Coquillard for the injury sustained by him, by reason of a failure by the complainants to build the dam and cut the race. This is not a case where compensation can be made for the failure to perform. Where a sum of money is to be paid, and there are no changes in the subject matter of the contract, to prevent a specific execution of it, it may be decreed, and interest on the deferred payment is held to be a compensation for the delay. But in the case before us, if, by the nature of the contract, the dam and the race might be completed, after the expiration of the year extension by Coquillard, yet they must be completed before a conveyance of the land could be required. Courts of equity can neither make contracts for parties nor modify them, to suit the convenience and interest of one of the parties. It would be difficult, if not impracticable, to ascertain what damage Coquillard suffered by the nonperformance of the complainants. He is shown to be insolvent, and this may have resulted from their failure. To obtain a specific performance, the individual seeking it must show vigilance on his part. He

must prove that he has performed his contract, or offered to perform it, and was prevented by the defendant. The authorities on this point are so numerous and so well known to the profession, that a citation of them would be useless. The bill is dismissed at the costs of the complainants.