# CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT,

AT THE

## JANUARY TERM, 1882.

---

SWEETLAND, appellant, *v.* BARRETT, respondent.

PLEADING — *Statute of frauds* — *Presumption.* — The statute of frauds has not changed the rule of pleadings. A parol promise, valid under the common law, may be declared on now as formerly; the writing is matter of proof and not of allegation.

There is no presumption of law that a contract required to be in writing is parol.

*Time of payment of money owing not fixed.*— If no time is fixed for payment of money acknowledged to be owing, it is due at once, or at any time the payee may choose to demand it.

*Appeal from Second District, Deer Lodge County.*

THOS. L. NAPTON and CHUMASERO & CHADWICK, for appellant.

This action was commenced to recover the amount due on a promissory note made by the respondent and assigned and indorsed to the appellant; complaint in usual form. The respondent admitted the execution and delivery of the note, but denied that the appellant was the owner thereof. This was an immaterial denial, as the fact of appellant having the note in his possession, and bringing suit thereon, made out a *prima facie* case, and legally, to all intents and purposes, he was the *bona fide*

owner. But the issue upon which the case was tried is presented by the affirmative matter set up in the answer. The appellant moved to strike out this part of the answer, and also demurred to the same. The motion and demurrer were not sustained by the court below, were overruled; and to such ruling the appellant, by his counsel, duly excepted. The question to be reviewed by this court is, whether the defense set up by defendant is one that would defeat the action. As it is not averred or proved that such contract was in writing, the court will infer from the rules relative to pleadings that it was a parol agreement. It is unnecessary to cite authorities upon this point.

We learn from the answer that this agreement was made in October, 1876, and that the appellant was to retain the note until he was paid the sum of $100, with interest thereon at the rate of two per cent. per month. It will be seen that there was no positive time fixed for the payment of this sum; but it appears from the answer that the time of performance was left to be determined by the respondent, and that this date of payment was fixed by his offer to comply with the terms of the contract by tendering the money in September, 1880, about four years after the contract was made.

We therefore claim that this was a parol agreement as alleged, by the terms of which it was not to be performed in one year, and therefore could not be enforced under our statute of frauds. See Montana Laws, p. 578, section 166, first subdivision; also Browne on Frauds, p. 293, giving a decision rendered by the supreme court of Vermont; *Bradwell* v. *Gutman*, 2 Denio, 87; *Cabot* v. *Hakins*, 3 Pick. 83; *Lockwood* v. *Barnes*, 3 Hill, 128; *Lapham* v. *Whipple*, 8 Met. 59.

2. We claim that there is no consideration to support the contract, as alleged. It is true that the answer states that by the terms of the contract the appellant was to be repaid the sum of $100, expended in purchasing the note,

and that he was to receive interest thereon at the rate of two per cent. per month. The promise to refund the $100 paid out is not a valuable consideration. The appellant is only to receive what he had expended, and, the agreement being in parol, he could not recover the two per cent. per month interest. Montana Laws, p. 758, secs. 728–30, and decisions of the courts of this territory.

3. This note was purchased for a sum far less than the amount due by its terms, and if the matters alleged in the answer constitute a defense, it will be readily seen that the temptation or inducement to manufacture this character of a defense is very strong. And the court will scrutinize this alleged contract very closely before deciding that such an agreement as set forth in the answer is valid.

E. W. & J. K. Toole, for respondents.

1. There are no exceptions in this case that can be considered by the court. The appeal is from the judgment; there is no statement appended, and no bill of exceptions signed during the progress of the trial. This leaves for review simply the judgment roll. By section 280, page 77, Revised Statutes of 1879, the demurrer to the new matter set up in the answer is deemed excepted to, and might have been embodied in a bill of exceptions so as to become a part of the judgment roll on that account without being specially noted or saved. The judgment roll is defined by section 294 in the above statute, and has been too often ruled upon by this and other courts upon similar statutes, in respect to the matters mentioned, to be any longer an open question, or to require the citation of authorities in support of our position. There was consequently no objection and exception to the ruling of the court upon the sufficiency of the answer under the statute of frauds which forms any part of the judgment roll in this case. In all cases it is a personal privilege; and when the contract is denied, the statute may be invoked

by objection to the admission of oral testimony in support of the alleged contract. But it will be seen that this was not done on the trial, and no bill of exceptions signed, so as to become a part of the judgment roll. The case, therefore, stands thus: Appellant has made no objection to the alleged contract coming within the statute of frauds that can be considered. It is a personal privilege for him to do so, and if the same is otherwise good, the judgment will be upheld. What has been said with reference to the judgment roll is equally applicable to the alleged exception to the instruction. Besides, it was too late. 14 Am. Rep. 618. Besides, counsel entirely mistake the law applicable in this case. First. Because the court, for all purposes under the statute of frauds, will assume in determining the motion and demurrer that the contract alleged in the answer was in writing, *if it was required to be.* See Browne on Statute of Frauds (3d ed.), sec. 505 and note 1. Second. Everything was done under the agreement except the payment of the money. By its terms it does not appear that it was not to be paid within the year, but might have been paid at any time. See Browne on Statute of Frauds, sec. 272 *et seq.* (3d ed.), and sec. 278 and authorities cited. We are unable to see in what manner the statute of frauds can benefit the appellant. He received the note under the alleged agreement, and if he desired to secure on account of the statute, his only remedy would be upon the implied promise to repay the $100 advanced to respondent. See Browne on Statute of Frauds, sec. 504 and authorities cited in note 2. Third. Neither the motion or demurrer pointed out the objection to the pleading on account of the statute of frauds. See Browne on Stat. of Frauds, above cited, sec. 508. The respondent, by setting out and asking the enforcement of this agreement, becomes an actor, *i. e.*, a plaintiff as to that matter. Fourth. There being nothing but the judgment roll before the court, *i. e.*, complaint, answer and replication, *verdict* and *judgment*, the court will assume

that everything was shown that was necessary to support this *verdict* and *judgment*. While this rule is general, it has been especially applied to cases of this character. *Elling* v. *Vanderlin*, 4 Johns. (N. Y.) 237; *Rann* v. *Hughes*, 7 T. & R. 350, note *a*.

We confidently submit that there is nothing in this case that can be considered showing any error, and ask that suitable damages be awarded upon the affirmance of the judgment of the court below. There is, however, now error shown if the question were properly before the court for review.

REPLY OF APPELLANT.

In reply to the brief of respondent, we only desire to state that, admitting that the contract set forth in the answer of respondent was void for want of any consideration for the reasons stated in appellant's brief, that in the replication the making of the said contract is specifically denied, and therefore it was not necessary to plead the statute of frauds. See Moak's Van Santvoord's Pl. pp. 505, 555, 867, and authorities there cited. Appellant contends that the demurrer and motion to strike out should have been sustained.

WADE, C. J. This is an action upon a promissory note given by A. H. Barrett, the defendant, to one Thomas Hoopes, or order, for the sum of $1,260.93, payable one day after date, and by the payee assigned to Wellington W. Sweetland, the appellant.

The answer alleges that in October, 1876, it being understood that Hoopes, the payer of the note, would sell the same for $100, the appellant and respondent entered into an agreement, by the terms of which the appellant promised and agreed to advance for the respondent the sum of $100, and purchase the note for said sum, in consideration of which the respondent promised and agreed to repay to the appellant the said sum of $100, together

with interest thereon at the rate of two per cent. per month from date until paid; that under and by virtue of such contract and agreement, the appellant did advance the sum of $100, and did then lay out and expend that sum in purchasing said note from Hoopes, which purchase was made for the sole use and benefit of the respondent, which sum, together with interest thereon, at the rate named, is due and owing to appellant; that by the further terms of said contract, the appellant was to retain the note until the respondent had paid said sum of $100, with interest, as aforesaid.

There was a demurrer to the answer for the reason that the same did not state a defense to the action, and also a motion to strike out the same for the same reason, which demurrer and motion were overruled.

The position of appellant is this: that as it is not averred in the answer that the contract set forth therein was in writing, therefore the court will infer that the same was a parol agreement; and that as there was no time fixed for the repayment of the $100 by the terms of the agreement, and that the respondent fixed the date of such payment by his offer to pay the same and to comply with the terms of the contract by tendering the money in September, 1880, four years after the contract was made, therefore that the contract was within the statute of frauds and void.

We do not agree with counsel for appellant upon either of these propositions. There being no time fixed for the payment of the $100, the same was due and payable at once, or at any time. The meaning and effect of the transaction was that the appellant loaned to the respondent $100, and he was to hold the note to Hoopes as security for the loan.

There is no presumption that the contract was parol. It is well settled that the pleadings need not allege that a contract which would be void unless reduced to writing and signed was in fact in writing.

When the pleading alleges an agreement which would be within the statute of frauds unless in writing, it will be presumed to be a written agreement, and if denied, such an one must be proved.    1 Moak's Van Santvoord's Pleadings, 206, 674.

It is now well settled in this country, that, in a suit at law or in equity upon a contract affected by the statute of frauds, the declaration or bill will be sufficient if it allege a contract generally, without stating whether it is in writing or not.    Browne on Stat. of Frauds, sec. 505.

The statute of frauds has not altered the rules of pleading in law or equity.    A declaration on a promise which, though oral only, was valid by the common law, may be declared on in the same manner since the statute as it might have been before.    The writing is matter of proof and not of allegation.    *Price* v. *Weaver*, 13 Gray, 273.

The judgment is affirmed, with costs, but appellant to pay costs of appeal.

*Judgment affirmed.*