## RYAN, respondent, *v.* DUNPHY, appellant.

STATUTE OF FRAUDS.— An express verbal contract for the sale of real estate is void under the statute of frauds in force in Montana.

Whenever, in the progress of a trial, this fact appears, objection to all testimony as to the nature and substance of such contract will be sustained by the court.

Such contract could not be the basis of an action in equity to enforce a specific performance, and no more can it be the basis for a counter-claim or cross-action.

Every contract must be mutual as to remedy and obligation, and will not be enforced against one who has not the power to enforce it in his own behalf.

Where an express verbal contract is pleaded, the action cannot be sustained as on an implied contract for money laid out and expended at the instance and request of respondent.

PLEADING.— The rulings of a court will be presumed to be based upon the state of the pleadings.

*Appeal from Third District, Lewis and Clarke County.*

CHUMASERO & CHADWICK, for appellant.

This action was commenced on the 16th day of December, 1879, to recover judgment against the defendant on a

promissory note made by him and payable to plaintiff, said note bearing date June 1, 1879, payable December 1, 1879, for $1,511.50. The defendant in his answer admits the execution of the note, and sets up as a counterclaim, or for a cross-action, the following facts: That in February, 1879, one Embry and one Rumsey were the owners of a certain placer mining claim, together with water rights, flumes, etc., and that defendant was negotiating for the purchase of the same, or certain interests therein. Whereupon the defendant and said plaintiff, at the instance of plaintiff, entered into a parol agreement, whereby it was agreed and stipulated that the defendant was to effect a purchase of two-thirds of the said property on the best terms possible; that he was to negotiate for such purchase, make the payment of the consideration therefor, and take necessary conveyances for the two-thirds of said property in his own name, but on the joint account of plaintiff and defendant. That plaintiff was not to be known in the said purchase until completed, when he was to pay the defendant one-half of the amount laid out in acquiring such title; and defendant was to make a good and sufficient deed to plaintiff for one of the said two-thirds so purchased. That the parties hereto consulted together from time to time as to the consideration to be paid, and agreed on such amount. That defendant effected such purchase, and received a good and sufficient deed for two-thirds of the premises. That, when everything was completed, defendant and wife made a good and sufficient deed to plaintiff for one-third of said property, and demanded the payment of one-half of the amount so expended; but plaintiff refused to receive the same, or to pay the said one-half of the purchase money, which amounted to $1,985.61. See Record, pp. 3 to 9, inclusive.

Upon the trial the defendant, having the opening of the case, offered to prove the facts above stated, and for that purpose placed witnesses upon the stand, and inter-

rogated them; but counsel objected to the same upon the ground that this contract, being verbal, came within the provisions of our statute of frauds.

The court sustained the objection; to which ruling the defendant duly excepted, and had bill of exceptions signed. See Record, pp. 10–12. And this presents the only question — save as to the statute not pleaded — to be decided by this court. Was the counterclaim or foundation for the cross-action a valid or legal one, or was it invalid under our statute of frauds? If it had been an equitable action to enforce the specific performance of this contract, then the position of the respondent might have been sustained; but this counterclaim, being the same as an independent action for money paid, laid out and expended by defendant at the instance and request of the plaintiff, the statute of frauds has no application. In the court below this action was tried and decided as if it was an action for specific performance of a verbal contract relating to lands, and without any consideration of the state of the pleadings; and all of the authorities cited by the respondent's counsel only applied to an action of that character. Respondent's counsel relied upon the decision of the court in 1 Am. Rep. p. 14; 4 Wall. 517; 39 Cal. 109, and Browne on Frauds, sec. 262.

The first case cited from American Reports is a case from 31st Maryland, and was an action to compel a specific performance. The case is, in law, nearly analogous to this; and the court, in denying the specific performance, say: "But a court of equity (law and equity are not blended in that state) may, in cases where parties are not entitled to specific performance, grant relief by decreeing the repayment of the money expended on the faith of the contract;" and cite many authorities in support of this. Then under our Code of Civil Procedure, the appellant herein could have maintained an action for the money expended; and it necessarily follows that it

was properly set up as a counterclaim to the plaintiff's action, being on a contract between same parties.

The second case cited, from 4th Wallace, was also for a specific performance of a parol contract for the exchange of lands. Nothing had been paid by either party, and therefore has no application to the case at bar.

The next case cited was from the 39th California, 109. This case is where a verbal sale had been made of certain lands, the consideration paid, the vendee had entered into possession, and the court decreed that the defendant should execute a deed. How this authority touches this case is beyond our comprehension.

The next and last authority is sec. 262 from Browne on Frauds. We fail to see what this section contains that has any bearing on this case, and submit it to the consideration of the court.

These authorities were read upon the trial, not examined or criticised, and none produced by appellant, and were hastily reviewed by the court, and the defendant below not allowed to prove the oral contract, and the amount of money paid, laid out and expended at the instance and request of the plaintiff below. And this is assigned as error.

We assert the proposition of law that no authority can be found that is in point, wherein any court has held that the statute of frauds would in any manner defeat an action for the recovery of the money so expended, or defeat a counterclaim in an action where it was properly set up and pleaded. See *Wetherbee* v. *Potter*, 99 Mass. 354; *Phillips* v. *Thompson et al.* 1 John. Ch. 131; *Parkhurst* v. *Van Cortland*, id. 273; *Coughland* v. *Knowles*, 7 Met. 57; *Baker* v. *Wainwright*, 36 Md. 336 (cited in 4th vol. U. S. Dig. [N. S.] p. 695, sec. 3); *Allen* v. *Booker*, 19 Am. Dec. 33; *Flagg* v. *Mann*, 2 Lunn. Cir. Ct. 486; 1 Wall. Dig. p. 554, sec. 216.

Under the agreement set forth in the answer, and not denied, the appellant acted as the agent of respond-

ent as to the one-half of the premises purchased, and therefore the statute of frauds would have no application. *Switzer* v. *Skiles,* 3 Gil. 529; *Johnson* v. *Dodge,* 17 Ill. 433.

The statute of frauds must be pleaded. See case last cited, and Browne on Frauds, sec. 508, and authorities there cited.

The appellant calls the attention of the court to the fact that the counterclaim or cross-complaint was never in any manner denied by the plaintiff, no replication having been filed. Therefore the facts therein stated are admitted to be true. And as the plaintiff had the opportunity to plead the statute of frauds by replication, he cannot avail himself of its benefits. Moak's Van Santv. Pl. pp. 505, 555, 867; *Harris* v. *Knickerbocker,* 5 Wend. 638; *Goelet* v. *Cowchey,* 1 Duer, 132; *Duffy* v. *O'Donovan et al.* 46 N. Y. 223–7; *Cozine* v. *Graham,* 2 Paige, 177.

The rule is well settled that the party against whom the contract is claimed to run must either deny the making of it, or, if he admits it and relies on the statute of frauds, he must plead it. The plaintiff not having denied the making of the contract, and not having pleaded the statute, then it may be true that the court did not err in refusing to allow the contract to be proved, but it, the evidence, was rejected upon the ground that such contract was void.

But there was manifest error in the court ordering judgment for the plaintiff for the amount of the claim; the order should have directed judgment to be entered for the defendant for the amount that his counterclaim exceeded that of the demand of plaintiff, and this court should reverse the judgment entered, and order judgment for the defendant for such excess.

E. W. & J. K. TOOLE, for respondent.

1. The cross-complaint and counterclaim in this case is based upon the contract. It alleges what it was, and

seeks to enforce it against respondent by reason of a compliance on the part of the appellant. It was the contract so set up that was sought to be proven on the trial, and to *the refusal of the court to allow this, alone, do the exceptions go.*

Where a party pays money or renders services to another upon a contract void under the statute of frauds, it has always been held that he can recover for money had and received, or upon a *quantum meruit.* But in such case the contract is disregarded, and the action is based upon the implied promise to pay. An action upon *the contract* in this case can no more be maintained than it could upon *one* where it had only been partially performed by the complaining party. In such case his remedy, if he has any, is upon a *quantum meruit* or *quantum valebat.* It is upon the *implied* promise to pay for the benefits received.

Without any concession as to whether such an action could be maintained under the particular facts of this case, it is clear that the maintenance of the action set up in the cross-complaint must necessarily call to its support proof of the alleged contract. It is emphatically a suit upon the contract, and the complaining party must stand or fall upon the establishment of it. Under the common counts, evidence of a contract is frequently admitted as tending to fix the amount for which a recovery may be had. But we confidently assert that no well considered case can be found where a recovery can be had under the common counts when the action is based upon an express contract.

The *very* and *only point* embodied in the exception to be considered is the ruling of the court in not allowing appellant to *prove his alleged contract.* It will be found that the authorities cited by appellant, so far as they are at all in point, support the proposition here announced. 99 M. 360. In addition to these we cite the court to the following, which we contend are conclusive of this case:

Browne on Statute of Frauds (3d ed.), p. 122, sec. 124;
*Gray* v. *Hill*, Ry. & Mood. 420, and authorities cited in
notes 3 and 6; Browne on Statute of Frauds, *supra; Fuller*
v. *Reed*, 38 Cal. 99 *et seq.; Pallen* v. *Hicks*, 43 Cal. 509 *et
seq.; Cooper* v. *Pena*, 21 Cal. 403 *et seq.; Albert Dungas* v.
*Willard Parker*, 52 N. Y. 494; *Kidder* v. *Hunt*, 11 Am.
Dec. 183.

The payment of the money in this case, under any cir-
cumstances, as disclosed, is equivocal. It was not paid
to respondent, but paid by appellant to third parties. It
does not, therefore, of itself raise an implied promise as
if paid to respondent. In such case it must be evidenced
by writing. *Huston* v. *Townsend*, 12 Am. Rep. 109.

Neither the land or money was received by respondent,
and he did no act or thing in furtherance of the alleged
contract. There is no allegation or offer to prove that
appellant would not have made the contract of purchase
but for the agreement of respondent, which is necessary
under any circumstances to maintain any action. On the
contrary, it appears he was negotiating the purchase, and
was to and did use his judgment about it. *Jackson* v.
*Murray*, 17 Am. Dec. 58, and authorities cited in note on
that page.

2. As to the authority of an agent in cases cited, it is
based upon a section of the statute of frauds, as it was
at common law by our statute. Sec. 160, p. 435. The
words "by writing" are added to the provisions of the
English statute, and the decisions under it are made ac-
cordingly. The authorities cited on this point by appel-
lant are consequently inapplicable.

3. The other point made by appellant in reference to the
pleading is based upon the supposition that no replication
had been filed. In this they were mistaken, and the
authorities concur upon the point that, if the *contract set
out is denied*, it puts the contract under the statute of
frauds in issue as effectually as if pleaded; and when
denied, the party, of course, cannot go into proof of his

parol agreement. See Browne on Statute of Frauds (3d ed.), 510, 511, and especially note 3, p. 487, in said book, and authorities there cited; *May* v. *Sloan*, 11 Otto, 231, top page 237; Sugden on Vendors, 150–54, sec. 6, par. 5.

We contend in this case that no action of any kind could be maintained by appellant. If money had been paid or services rendered to respondent under circumstances where he should repay it upon principles of common justice, a remedy is afforded upon his implied promise to do so. But where he has received no benefit upon which such implied promise arises, as in the case at bar, the contract must necessarily be invoked to support the action. This cannot be done. It was in the power of the appellant to have had the agreement reduced to writing before he took any risk under it. For this purpose the statute of frauds was enacted. Otherwise the innocent and unsuspecting would be at the mercy of the unscrupulous and designing. If A. can come up to B. and say to him, "You authorized me to buy this property of C.; here is your deed for it; now pay me $50,000, the purchase price, which you agreed to," without any writing on the part of B., or any act except in disaffirmance and denial of the engagement, the bars to fraud, perjury and injustice are thrown open, and the fruits of honest toil and industry are always at the caprice of the indolent and dishonest. A bare thought of the consequences that might ensue is a sufficient reason for the law, if any was required.

REPLY OF APPELLANT.

In reply to the brief of the respondent herein we have but a few words and authorities by way of replication.

1st. The brief of appellant was prepared and filed under an honest belief that no replication to the counter-claim set up in the answer had been filed. None was produced on the trial, or was inserted in the record; but it appears that one was filed before the trial and we have

had the same made a part of the record. This in no manner affects the questions presented in our brief, only that it devolved upon the appellant to prove the contract, and for that purpose offered the evidence which was excluded by the court. And this is the error complained of. The respondent claims that a contract that is in conflict with the statute of frauds is illegal and void, and that whenever such a contract necessarily must be relied upon and proven in an action of *assumpsit*, and not for a specific performance, that the action predicated upon it must necessarily fail. We insist that this is not the law. A contract within the provisions of the statute of frauds is neither *void* or *illegal*. See Browne on Frauds (2d ed.), sec. 508, and authorities there cited; also sec. 124. In fact this proposition never has been doubted. And in the case at bar the plaintiff had the opportunity to plead this statute, and not having done so, it stands the same as if it was in writing and valid and binding between the parties. See authorities cited in our brief, last subdivision thereof, and *Thornton* v. *Vaughan*, 2 Scam. 218; *Burke* v. *Healey*, 2 Gilm. 614; *Trustees of Schools* v. *Wright et al.* 12 Ill. 432; *Osborne* v. *Endicott*, 6 Cal. 149, 150.

2d. We only desire to notice one other point made by respondent, to wit: That as the appellant sets forth this contract in his answer as the foundation of his counterclaim, that therefore he must prove it. And if it could not be enforced for the reason that, as respondent claims, it is void or illegal, it could support no action, and the appellant should have declared on a *quantum meruit* or *valebat*.

In the first place, as we have shown, such a contract is not *void* or *illegal* — it only gives the party against whom it is sought to be enforced the right to plead that it cannot be enforced against him by reason of such statute. But as we have already shown by our brief first filed, that, although it cannot be the foundation of an action for specific performance, it may be for the recovery

of money paid and expended, or services performed at the instance and request of the party to be charged; and this is allowed, and the contract is competent evidence to show the request and the terms under which such liability originated. In addition to authorities cited, see *Little* v. *Martin*, 3 Wend. 221. On careful examination of this case, in which Wm. L. Marcy delivered the opinion, it is decided that the appellant had the legal right to show that he paid this money at the instance and request of the appellant, also upon what terms and conditions it was paid; and to be followed up with proof that appellant had carried out this parol agreement on his part, and was therefore entitled to recover back the money paid, laid out and expended at the request of defendant. It had nothing to do with the specific performance of such a contract, but was competent to show under what conditions this money was expended. See, also, *Clark* v. *Terry*, 25 Conn. 395, and authorities there cited; *Whitney* v. *Cochran et al.* 1 Scam. 210.

Another point is made that this cross-action or counter-claim should not be upon the contract, but *assumpsit* on an implied promise to pay; that the action should be upon *quantum meruit* or *quantum valebat.* But we can discover nothing in this point of respondent. It is not, as above stated, an action upon the contract, but the cross-action is the same as the old common count for money paid, laid out and expended at the instance and request of respondent, and was offered in evidence to prove the request and that the appellant had complied with such oral agreement. See authorities above cited. And we may safely state that authorities without number could be referred to in support of our position.

In conclusion, as to the hypothetical case suggested by the respondent, let us present the opposite side of the question. Suppose that A. verbally authorized B. to purchase a lot with buildings situate thereupon in the city of Helena or Butte, or to purchase what is at the time

of the parol agreement supposed to be a valuable mine (as the case at bar); that A. is authorized by B. to make the purchase and to pay the consideration therefor; that A. buys the property and takes the deed therefor for the benefit of B.; the buildings on the city property are burned down, or recent developments show the mine to be valueless, and then A. tenders to B. the amount he has paid, laid out and expended at B.'s request; and B. says our agreement was not in writing; the statute of frauds says, you cannot enforce it; and then A. must lose the money he has paid at the request of B. We submit that no court was ever so devoid of honesty or common sense as to say to A., you have no remedy.

GALBRAITH, J. The complaint in this action is founded upon a promissory note made by the appellant to respondent, dated June 1, 1879, payable December 1, 1879, for $1,511.50.

The answer of the appellant admits the execution and delivery of the note, and also that the same has not been paid, but alleges, by way of cross-action and counterclaim, in substance, the following state of facts: "That in February, 1879, the appellant was negotiating for the purchase of certain placer mining ground, with the water rights, flumes and appurtenances owned by and in the possession of certain persons, Rumsey and Embry; that about this time, at the request of the respondent, it was (in substance) agreed between the appellant and respondent that the appellant was to effect the purchase of the above property upon the best terms possible, using his best judgment, for the benefit of both parties; that the title thereto was to be taken in the name of the appellant, and that the respondent was not to be known in the transaction till the purchase was completed and the conveyances executed; that when the appellant obtained a title to said property, he was to make to respondent a deed for the undivided one-third thereof, upon the execu-

tion and delivery of which the respondent was to pay to
appellant the one-third of all moneys paid by him for
such conveyance, and the one-half of all expenses paid
out in and about the purchase; that on the 24th of Feb-
ruary, 1879, the appellant obtained a deed from Embry
for his interest in the property, the consideration therefor
being $2,600; that on the 26th of July, 1879, the title
from Rumsey for one-half of the property to the appel-
lant also became perfected; and upon this day the appel-
lant and wife executed a deed to respondent for an
undivided one-third of said property, and the same was
tendered to respondent, and demand made for the pay-
ment of $1,935.61, being the amount claimed by respond-
ent on account of the purchase and expenses in relation
thereto; that respondent denied the existence of the
agreement, and refused to pay the money and receive
the deed."

The respondent filed his replication, denying the exist-
ence of the agreement, or that the respondent was in-
debted to appellant in the sum claimed in the answer, or
in any other sum whatever.

Upon the trial, the appellant being placed upon the
stand as a witness, was asked the following question:
"You will state whether, in the month of February, 1879,
you entered into any contract or agreement with the
plaintiff in regard to the purchase of the mining ground
in Grizzly Gulch, Minnesota mining district, Lewis and
Clarke county, Montana territory." This was the prop-
erty set forth in the answer.

To this question the witness answered: "I did enter
into a contract with plaintiff verbally; there was no writ-
ten agreement."

The witness was then interrogated as follows: "You
will state what the contract was." To this question the
respondent objected, for the reason that the agreement,
not being in writing, is void by the statute of frauds.
The court sustained the objection. The exception to this

ruling of the court presents the principal question for our decision.

It will be observed in relation to the agreement set forth in the answer, and which was sought to be proved by the question propounded, that the property which was the subject thereof was real estate; that the appellant was to obtain it in his own name and make the payment of the consideration therefor; that when the purchase was completed, the respondent was to pay the appellant one-half the amount of the purchase money, who thereupon was to convey one-third of the property to respondent.

The money so paid by the appellant was his own money, and it cannot be considered a loan or advance to the respondent. To take an agreement from the operation of the statute of frauds and establish a resulting trust, the purchase money must be the property of the party paying it at the time of payment. The same rule prevails "where the party taking the deed pays his own money therefor, with the understanding or agreement that it may afterwards be repaid and the land redeemed by him who sets up the trust."

The agreement was therefore a contract within the statute of frauds. Secs. 160–162, 176 and 177 of art. I, ch. 13, 5th division, Revised Statutes 1879, pp. 435–437; Browne on Statute of Frauds (4th ed.), sec. 90; *Kendall* v. *Mann,* 11 Allen (Mass.), 15; *Kellum* v. *Smith,* 33 Pa. St. 164; *Jackman* v. *Ringland,* 4 W. & S. (Pa.) 149.

But it is claimed by the appellant that the counter-claim, being an independent action for money paid, laid out and expended by appellant at the instance and request of the respondent, the statute has no application.

To this we think it would be sufficient to reply that the express contract being void by the statute of frauds, the counterclaim founded thereon cannot be sustained.

We understand it to be the general rule, that the agreement must be mutual as to the remedy and obligation, and that a contract will not be enforced against a

party who does not possess the power under the contract to enforce it upon his part.

Upon this agreement the respondent could not bring a bill for its specific performance.

It will be observed that the appellant founds his counterclaim wholly upon the express contract alleged in his answer. Therefore both the supposed bill in equity for specific performance by the respondent, and the counterclaim in question, are founded upon the same express verbal contract. No reason can, we think, be assigned for maintaining that a contract which would not sustain a bill in equity for specific performance, for the reason that it is void under the statute of frauds, would nevertheless, in itself, be sufficient to support an action or counterclaim for the recovery of the money paid out under its provisions.

It was the express agreement alone which the appellant offered to prove upon the trial. It was only to the refusal of the court to allow proof of this agreement that the appellant excepted. The claim of appellant was based wholly upon the express agreement set forth in this answer. He does not claim the sum demanded, or any portion thereof, by virtue of any implied contract, to pay for expenses incurred in and about the purchase. There is no claim in the answer upon what may be technically called a *quantum meruit* or a *quantum valebat.* There is no statement of facts that substantially establishes any such claim under our system of pleading. The proof was not offered for any other purpose than to sustain the allegations of the counterclaim and cross-action. It was the express contract alone which was put in issue by the pleadings.

It will be presumed, therefore, that the court ruled upon the objection in view of the state of the pleadings.

There was a replication denying the existence of the contract set forth in the answer. This required proof that the alleged agreement was in writing. Browne on

Statute of Frauds (4th ed.), sec. 511; *May* v. *Sloan*, 11 Otto, 231; 1 Moak's Van Santvoord's Pl. p. 674.

The court ruled correctly on the objection.

The judgment is affirmed, with costs.

*Judgment affirmed.*