MAYGER, appellant, *v.* CRUSE ET AL., respondents.

CONTRACTS—*Specific performance—Contract in writing presumed.*—
A contract sought to be specifically enforced will be presumed to have been in writing, where the complaint is silent on such point, and no objection is raised by demurrer.

SAME — *Nature of consideration must be alleged.*— In an action for the specific performance of a contract for the sale of land, the complaint must set forth fully the nature and character of the consideration. An allegation that the consideration was fair and reasonable is insufficient.

SAME—*Performance of consideration must be alleged.*— In such action the consideration, if an entirety, must be fully performed, or a readiness to so perform must be alleged, before a specific performance will be decreed.

*Appeal from Third District, Lewis and Clarke County.*

E. W. & J. K. TOOLE, for appellant.

The appellant respectfully submits the following prop-

osition as conclusive of the issues involved in this case: The complaint sets out a contract between the parties, which is presumed to be in writing, is not immoral or contrary to public policy, and is not impeached on account of fraud, misrepresentation or mistake. In such case the court will not annul the contract or make a different one for the parties, but will enforce the one made, in the absence of a plea and proof that it would be unconscionable so to do.

Sanders & Cullen and Thomas J. Lowry, for respondent.

This is an action in equity to compel specific performance of an alleged contract. Although other parties' names appear on the meager record furnished this court, enough appears to show that William Mayger, appellant, and Thomas Cruse, respondent, are the only parties within the jurisdiction of the court.

There is sufficient in the record to apprise this court that this is the third complaint filed in this action, which places this case peculiarly within the purview of that principle of law which requires a pleader to set forth the *facts* constituting the cause of action fully.

In construing pleadings the court will presume that the pleader has stated his case as strongly as the facts will warrant; that every substantial *fact* has been set forth as a *fact* upon which he relies; and that every omission to state facts necessary to support his prayer for relief (which determines the character of the action) must be taken as though they do not exist. That is to say, he must set up every affirmative fact necessary to entitle him to the relief demanded, not generally, but such *facts* as will enable the court to judge, without doubt, providing they are true, that he is entitled to the relief sought. *Snow* v. *Halstead*, 1 Cal. 361; *Chipman* v. *Smith*, 5 Cal. 50; *Dichman* v. *Maguire*, 9 Cal. 50; *Guy* v. *Washburn*, 23 Cal. 112; *Sanders* v. *Boulton*, 26 Cal. 418; *De Castro*

v. *Clark,* 29 Cal. 16; *Moore* v. *Besse,* 30 Cal. 572; *Joseph* v. *Holt,* 27 Cal. 251–257.

It is scarcely necessary to refer to the many decisions and learned elementary works referring to this character of action in contradiction from ordinary claims upon contract. This being an appeal to the court for an exercise of its high equity jurisdiction, on the grounds that the plaintiff has no adequate remedy at law, and to prevent a fraud, a specific performance must be decreed.

It is true that courts of equity will as cheerfully enforce a contract for specific performance as courts of law enforce contracts for the payment of money by way of judgment; provided, however, always, that the plaintiff has in the first place no adequate remedy at law by way of damages; and further, it must appear, without doubt, that the contract sought to be enforced was thoroughly understood between the parties; that it was mutually binding upon both parties; that the parties both understood it alike; that there was a valid consideration moving from the plaintiff to° defendant, and that the consideration was adequate.

Many other elements are necessary to enforce this form of action, but the above seem to be elements necessary in this case more particularly raised by the record.

The attention of the court is called, upon these issues, to *Graham* v. *Pancost,* 30 Pa. St. 89; *Henderson* v. *Hays,* 2 Watts, 148; *Agard* v. *Valentine,* 39 Cal. 302, 303; Waterman on Spec. Perf. 208, sec. 158; id. sec. 159; id. (Sufficient Consideration) sec. 327. Where doubt exists. Washburn on Spec. Perf. sec. 152; *Blanchard* v. *Detroit R. R. Co.* 31 Mich. 44; *Watson* v. *Coulson,* 1 McLean, 120; *Pegg* v. *Arder,* 12 Leigh; 4 Kent, 142 (12th ed.).

Bill always dismissed if hardship appears. Waterman, sec. 168, and note. Adequacy of consideration always considered. Id. sec. 180; *Graham* v. *Pancost,* 30 Pa. St. 89. Want of consideration fatal. Id. Relief discretionary. Id.; *Denniston* v. *Coquillard,* 5 McL. 253; *Coul-*

*son* v. *Thompson*, 2 Wheat. 194, 336; *Edwards* v. *Estelle*, 48 Cal. 194; *Joseph* v. *Holt*, 27 Cal. 250; *Co-operative Association* v. *Philips*, 56 Cal. 546 (decides as to price, parties and subject-matter); *Brush* v. *Tucker*, 42 Cal. 353; *Wormson* v. *Rossignol*, 5 Cal. 66.

This form of action is only allowed when plaintiff has no adequate remedy at law for damages. Adams' Equity, 77; Story's Equity, 715; *Duff* v. *Fisher*, 15 Cal. 382; Waterman, Spec. Perf. 116, 117; *McLean* v. *White*, 5 Minn. 178.

The enforcement of specific performance is not a matter of course, but rests in the sound discretion of the court upon a view of all the circumstances, and the court must be satisfied that it is just, fair and founded upon adequate consideration, which consideration must be set forth in the complaint showing its adequacy. See above cases, and *Cooper* v. *Pena*, 21 Cal. 405, and cases cited; *Seymour* v. *Delacy*, 15 Am. Rep. 270; *Grundy* v. *Edwards*, 23 Am. Rep. 409; *Johnson* v. *Glany*, 28 Am. Dec. 45. Even when contract clear and unambiguous. *Graham* v. *Pancost*, 30 Pa. St. 89; *Henderson* v. *Hays*, 2 Watts, 148; *Agard* v. *Valentine*, 39 Cal. 302, 303; Waterman, Spec. Perf. p. 208, secs. 158, 159; 8 Cal. 424; Waterman, Spec. Perf. 327. Insufficiency of consideration fatal. Waterman, 327.

In this case, Cruse had no means of understanding or knowing what Mayger proposed to do in the premises, and therefore there was no mutuality; and while Mayger may well recover a money judgment against Cruse for any services he rendered on that day, the so-called contract lacked that degree of mutuality of obligation requisite to its enforcement as against either party. Mayger was wholly free from any obligation to Cruse. Cruse could not enforce any contract as against Mayger. Under such circumstances, a court of equity will leave Mayger to his remedy at law for damages as against Cruse. And even if there was a valuable consideration pleaded, this ex-

traordinary remedy would be denied. Washburn on Spec. Perf. sec. 152; *Blanchard* v. *Detroit R. R. Co.* 31 Mich. 44; *Watson* v. *Coulson*, 1 McLean, 120; *Pegg* v. *Arder*, 12 Leigh; 4 Kent. Com. 142 *et seq.; Agard* v. *Valentine*, 39 Cal. 302, 303. If price is not determined, equity will not interfere. Waterman, 180; *Graham* v. *Pancost*, 30 Pa. St. 89. Want of consideration fatal. Id.

The consideration in this character of action should be clearly and fully set forth, to the end that the court may determine as to its adequacy, and nothing should be left to surmise. *Gates* v. *Lane*, 44 Cal. 395; *Campbell* v. *Jones*, 38 Cal. 507; *Hicks* v. *Manning*, 43 Cal. 515; *McCary* v. *Beach*, 10 Cal. 462; *Jackson* v. *Clark*, 5 Blackf. 564; 2 Ind. Dig. 1126; *Parks* v. *Johnson*, 4 Allen, 259; Waterman, Spec. Perf. 95, 265; 1 Story's Equity Juris. sec. 751; Sugden on Vendors, ch. 4, sec. 2, p. 191; *German* v. *McClam*, 6 Paige Ch. 288.

When suit is brought on a bond or contract showing on its face a valid consideration, it is different; but in a case such as this, the court must be apprised fully of what the consideration was, as well as the value of the property sought to be recovered. See cases cited, and Moak's Van Santvoord's Pleadings, 858; *People's Bank* v. *Adams*, 43 Vt. 195; 1 Chit. Pl. 301, 302, 334, 335. And the whole consideration must be stated. Id. 305, 306, 307; *Park* v. *Johnson*, 4 Allen, 359, and cases cited; *Brooks* v. *Wheelock*, 11 Mass. 438.

The most that Mayger claims is, that he, not being an attorney at law, or otherwise a competent person to settle disputes, undertook on this occasion to settle what he calls a "matter of controversy" between Cruse and two other parties relating to this Pine Tree lode claim; he does not state any fact showing that Cruse's title or possession was in jeopardy, but on the contrary says Cruse's title was good and possession perfect to the whole of the claim. He, as Cruse's agent, as he shows, surrendered the better part of the claim to outsiders having no

title or possession, and therefore, without showing further facts constituting merit, claims one-third of the balance.

Now, if Cruse had believed his title and possession was in jeopardy, and Mayger had been an attorney of this court, and had removed the grounds of Mr. Cruse's fears, and it had turned out that in fact Cruse's title was not in jeopardy, would the court have decreed specific performance? Certainly not. The court would have left the agent or attorney to recover such compensation as he might in money. *Cabott* v. *Haskell*, 3 Pick.; Story on Contracts, sec. 566.

As to the declaration in the complaint as to the conspiracy between Thomas Cruse and other defendants named in the complaint, and never served, it cannot be seriously urged that that is not surplusage, because no fact is alleged from which the court could infer any conspiracy or collusion, and our statute provides ample means of protection against any such designs by simply filing a notice of pendency of action with the county clerk; so that any patent parties would acquire would benefit the plaintiff in error. See, as to latter proposition, Montana statutes, "Lis Pendens;" and as to pleading conspiracy, see 5 Minn.

It cannot be seriously contended that the averment in the pleadings, to the effect that the plaintiff had spent several hundred dollars in improvements upon this and other claims owned in common between the parties, can be accepted as an averment that he has in fact ever expended a farthing upon the claim in question. Such an averment will, of course, be construed consistent with the general principle of construing pleadings. If Mayger ever spent a cent on this claim, he ought to state it unequivocally. In fact, he never has, and the pleadings of course show he has not. Valuable, lasting improvements made, are, of course, the best evidence of good faith, but they must be fully set out to enable the court to know what they are, and how they are valuable.

REPLY OF APPELLANT.

Respondent complains of the hardship of the contract. This was proper to be considered at the time it was made, if it was then fair and just, no matter what changes have taken place since; the contract not being continuous. This is the rule laid down by Mr. Fry, the author cited by respondent, page 116, and entire chapter 6.

It is said that the granting of this character of relief is discretionary. This is true; but that discretion is a sound judicial discretion controlled by established principles of equity; and where the agreement is in writing (which is presumed here), is certain in its terms, is fair and just in its provisions, and is for a valuable consideration, and works no hardship, it is as much a matter of course for a court of equity to decree its specific performance as for a court of law to award a judgment of damages for its breach. Pomeroy on Contracts, sec. 35, and authorities cited.

Mere inadequacy of price, both in England and this country, unaccompanied by other elements of bad faith, will not defeat specific performance. This is settled law. Pomeroy on Contracts, sec. 193, and authorities cited.

Here was property, the subject of this contract, which had no known value at the time the contract was made. In such a case, where there was no inadequacy either in the price or the subject-matter at the formation of the contract, none can arise from subsequent events or change of circumstances. Pomeroy on Contracts, sec. 195.

GALBRAITH, J. This is an appeal from a judgment rendered in consequence of an order sustaining a demurrer to the complaint. The action is to compel the specific performance of an alleged contract. The allegations of the complaint are in substance as follows, viz.:

"That on the 3d day of May, 1879, the defendant, Thomas Cruse, was the owner of, and, as such, in the

actual possession and occupation of a certain quartz mining claim, situate in Ottowa mining district, in the county of Lewis and Clarke, Montana territory, known as the Pine Tree or Bon Mation lode; a description of the property is given. That the said lode was, by the locator thereof and his successors in interest, deeded to the said defendant, Thomas Cruse, who, on the 3d day of May, 1879, held the legal and equitable title to the same. That on the above 3d day of May, 1879, the defendant Cruse entered into a certain contract with this plaintiff, whereby, in consideration that this plaintiff would render services to said defendant in and about compromising and settling a certain conflicting claim and matter of controversy then existing between one Larry Walsh and Lamartine C. Trent, and the said Thomas Cruse, concerning the property aforesaid and the title thereto, he would, in the event such dispute and controversy was settled and compromised by said plaintiff, convey to this plaintiff, by a good and sufficient deed, one undivided one-third of the said property so acquired and secured by said settlement or compromise; the said property at that time being undeveloped and of little value, and the said services being a fair and reasonable compensation for the interest so to be acquired. That, in pursuance of said contract, this plaintiff did proceed and compromise and settle the said dispute and controversy, as the agent for said defendant, and did procure and obtain from said parties a perfect and complete title, including the right, title and claim of said parties to all of the said lode claim, save and except a portion thereof described in the complaint, and being three hundred and fifteen linear feet on said Pine Tree lode. That, in pursuance of said settlement and compromise, the said Walsh and Trent executed to said defendant a good and sufficient deed for all the balance of said mining claim embraced in the said Pine Tree and Bon Mation lode claim, by reason whereof he became seized and possessed of the same and the legal

title thereto, and let this plaintiff into the occupancy and possession of his said one-third interest thereof, in accordance with the terms of said contract, and still holds, occupies and possesses the same. That since the performance of said contract by this plaintiff and the acquirement of possession of said property by him, he has, as co-tenant with said defendant, expended in money and labor upon said property and other property held and owned in common by them the sum of $515 upon the faith and strength of his said contract. That, by reason of the said premises, the said plaintiff became and is entitled to a specific performance of said contract, in the conveyance to him of his said one-third interest in said property. That the respondent, Thomas Cruse, although often requested and demanded so to do, has refused, and still continues to refuse, to convey to the appellant the undivided one-third of the said property."

There are, also, allegations in the complaint, which is an amended and supplemental one, that, long after the said contract was made, and after the plaintiff had entered into the possession of, and while he occupied and possessed his alleged interest in said property, and during the pendency of this action, the defendants, Thomas Cruse, Duffy and Roberts, with a full knowledge of the rights and equities of the plaintiff, became the purchasers of, and claim an interest in, the said lode claim of which the plaintiff is entitled to a one-third interest, and that all of said defendants have conspired together to procure a United States patent for said property in their names, so as to defeat any decree rendered in this cause against the said Thomas Cruse.

The complaint is silent as to whether or not the alleged contract was verbal or in writing; but where, in such a case, there is no objection made by demurrer upon the ground of ambiguity or uncertainty, the contract will be presumed to be in writing. *Sweetland* v. *Barrett*, 4 Mont. 217.

It appears by the record that the demurrer was sustained upon the sole ground of the insufficiency of the allegations of consideration, and overruled as to all other matters. The record does not show that the court had obtained jurisdiction over the defendants, Thomas Cruse, Duffy and Roberts, and however the allegations of facts which occurred *pendente lite* may affect Thomas Cruse, yet it is apparent that the relief predicated upon them is dependent upon the determination of the main question presented in this case, which relates solely to the sufficiency of the consideration alleged to support a decree for the specific performance of the alleged contract. It appears from the complaint that, at the time of the making of the alleged contract, whereby the appellant agreed to settle the conflicting claim and matter of controversy concerning the property, that the respondent, Thomas Cruse, was the owner of, and, as such, in the actual occupation and possession thereof; and that he, at that time, had the legal and equitable title thereto. This language indicates that the respondent, Thomas Cruse, at that time held the complete title to the property in question. There could, therefore, have been no valid claim or title to this property existing or outstanding in any one else. The character of the claim of Walsh and Trent is in no manner designated. In regard to this the complaint is silent, and whatever it was it must have been without merit and sham and frivolous. It cannot be said that, by the settlement of such a claim or matter of controversy, that the respondent acquired or secured the said property, or that he thereby procured or obtained from Trent and Walsh, a perfect and complete title to the premises, save and except three hundred and fifteen linear feet thereof; or that by the deed executed by them, he became seized and possessed of the same and the title thereto; for upon the showing of appellant himself, the respondent held the complete and absolute title to the property. It does not, therefore, appear that

the settlement of this dispute was in any way beneficial to the respondent. It did not add to the strength of the title which he already held. The appellant will be presumed to have stated the contract as strongly in his own behalf as possible; especially will this be presumed when it appears that this is an amended and supplemental complaint. The character of the dispute or matter of controversy nowhere appears in the complaint. The court should be fully apprised of this. The contract should not admit of doubt or suspicion; for example, as to its mutuality, as to its being one not opposed to public policy, or one illegal in its nature. The contract should not be ambiguous, or vague or uncertain. The consideration should appear upon its face to be fair, just and reasonable. Can this be said of this consideration, when the appellant fails and refuses; for such refusal will be presumed when, after the sustaining of a demurrer, the party refuses to amend, to set forth fully the nature and character of the consideration. The court, in such a case as this, when called upon to exercise the high power of compelling the execution of a contract *in specie*, should be informed of the entire nature and character of the contract, so as to determine for itself whether or not it is one which good conscience should enforce, free from objection and fair, just and reasonable, and equal in all its parts. The statement that "the services were a fair and reasonable compensation for the interest so to be acquired" is the statement of a conclusion of law. The facts showing the character of the consideration should be before the court in this case, before it should be called upon to say that such a contract is fair, just and reasonable in all its parts. We cannot, therefore, say that this consideration is shown to be free from objection, or that it is fair, just and reasonable, and equal in all its parts. And we are of opinion that, in refusing to grant specific performance of the contract upon this ground, the court exercised a sound judicial discretion.

As authorities sustaining this view, reference may be had to *Henderson* v. *Hays*, 2 Watts, 148; *Graham* v. *Pencoast*, 30 Pa. St. 89; *Seymour* v. *Delancy*, 15 Am. Decs. 270; Pomeroy on Specific Performance of Contracts, sec. 35, n. 1; Moak's Van Sant. Pl. vol. 1, 898; *Joseph* v. *Holt*, 37 Cal. 250; *Colson* v. *Thompson*, 2 Wheat. 336; *People's Bank* v. *Adams*, 43 Vt. 195; *Morrison* v. *Rossignol*, 5 Cal. 65; *Johnston* v. *Glancy*, 28 Am. Decs. 45.

But, if we had any doubt as to the correctness of the view as above stated, the record discloses another, and we think an insuperable objection to the grant of the relief demanded. It does not appear that the appellant has performed his portion of the contract set forth in the complaint; nor is there any averment of an offer to do, or of a readiness and willingness to do, all the material acts required of him by the contract. The contract was, that, in consideration that the appellant "would render services to said defendant in and about compromising and settling a certain conflicting claim and matter of controversy then existing between one Larry Walsh and Lamartine C. Trent and the said Thomas Cruse, concerning the property aforesaid and the title thereto, he would, in the event such dispute and controversy was settled and compromised by said plaintiff, convey to this plaintiff, by a good and sufficient deed, an undivided one-third of said property so acquired and secured by said settlement or compromise." The consideration, therefore, proceeding from the respondent was, that this dispute and controversy in relation to the whole of the property should be settled and compromised before he should be entitled to a deed for a one-third interest therein; whereas, it appears that such settlement was had only as to about two-thirds thereof. The language, "so acquired and secured by said settlement and compromise," in the above connection, will not be so construed as to mean that, if a part only was so acquired, that there should be a deed given for the appellant's

alleged interest, *pro tanto.* If such a construction was intended by the appellant to be placed upon it, so important an allegation should have been pleaded by direct averment, and not by recital. Therefore, even if the title of the respondent had been jeopardized by the claim of Walsh and Trent, nevertheless, the consideration being an entire one, the appellant must have fully complied with the terms of the contract upon his part before a court of equity would decree a specific performance. In this case, such performance was a condition precedent to his remedial right. Pomeroy on Specific Performance of Contracts, sec. 323; *Agard* v. *Valencia,* 39 Cal. 292; *Denniston* v. *Coquillard,* 5 McLean, 253; Adams' Equity, 82; *Vincent* v. *Lessee of Huff,* 4 Serg. & R. 297; *Ryan* v. *Dunphy,* 4 Mont. 342. From what has been already said, it is plain that it does not appear from the complaint whether or not the consideration is one which a court of equity ought to enforce, or whether it is one which it could enforce against the appellant. The remedial rights to specific performance of the contract should be mutual, *ab initio.*

" It is a familiar doctrine that if the right to the specific performance of a contract exists at all, it must be mutual; the remedy must be alike attainable by both parties to the agreement." Pom. on Specific Performance of Contracts, sec. 164. "The right to a specific execution of a contract, so far as the question of mutuality is concerned, depends upon whether the agreement itself is obligatory upon both parties, so that upon the application of either against the other, the court would coerce a specific performance. A party, not bound by the agreement itself, has no right to call upon the court to enforce performance against the other contracting party by expressing his willingness, in his bill, to perform his part of the agreement. His right to the aid of the court does not depend upon his subsequent offer to perform the contract on his part, but upon its originally

obligatory character." Pom. Cont., *supra*, sec. 163, n. 1. Where there is a failure, as in the case before us, to indicate the nature and character of the consideration, how can the court determine whether or not the remedy and obligation under the contract are mutual?

It appears both from the record before us and the argument of the appellant that the only question raised, either here or in the court below, was in relation to the sufficiency of the consideration to sustain the decree for specific performance. The averments in relation to the appellant being let into possession, and outlay of money upon the faith of the contract, are not relied upon. For the foregoing reasons, the ruling of the court upon the demurrer in relation to the sufficiency of the consideration was, in our opinion, correct. In such a case as this the court does not necessarily declare the contract void, but will leave the party to his remedy at law.

The judgment is affirmed, with costs.